IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUAN MANUEL ALBARADO | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv226 |
| MOHAMMAD TOUHAMI, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Juan Manuel Albarado, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Mohamed Touhami, Caulder Schwarz and Robert Posvar. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The defendants have filed a motion for judgment on the pleadings. Plaintiff has filed a response. The motion is therefore ripe for consideration.

Factual Allegations

In an amended complaint (doc. no. 53), plaintiff alleges that defendant Touhami, a major, has continued an ongoing retaliatory and terroristic conspiracy against him since 2018. He states that on May 7, 2018, defendant Touhami, while away from his official duty post, conspired with Captain Bobby Griffin to have him sent to the high security section of his prison unit. Plaintiff asserts this was done in retaliation for his legal activities. He states that in the high security section of the prison, his mail is obstructed and it is difficult to file grievances.

Plaintiff states that in 2019, he was transferred from the Lewis Unit to the Polunsky Unit. Defendant Touhami was also transferred to the Polunsky Unit. Plaintiff states that he was housed in hostile cell blocks where members of the Tango gang were housed. He asserts defendant Touhami was the officer in charge of housing and classification assignments at the time plaintiff's cell mate stabbed him.

In addition, plaintiff alleges that around this time, defendant Touhami conspired with other individuals to blackmail Officer Adams into performing sexual acts with other individuals. He states these acts have been broadcast and live streamed.

Plaintiff alleges defendant Schwarz, a sergeant, falsified government documents and conspired with defendant Touhami and other individuals to cover up the fact that plaintiff was stabbed. He states defendant Schwarz wrote false reports and lied at a disciplinary hearing.

Further, plaintiff alleges defendant Posvar, a correctional officer, repeatedly abused him by providing him with meal trays that contained pork. He states defendant Posvor also repeatedly retaliated against him.

## Standard of Review

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Rule 12(b)(6) allows for the dismissal of a cause of action for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## Analysis

### Eleventh Amendment

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf States Utilities Co., Local Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for money damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, the defendants are entitled to immunity under the Eleventh Amendment for claims for money damages against them in their official capacities. This court therefore lacks subject matter jurisdiction over any official capacity claims for money damages.

*Standing*

The standing doctrine in federal court is based upon the "case or controversy" requirement of Article III of the Constitution. *Federal Election Commission v. Atkins*, 542 U.S. 11, 19-20 (1998). To have Article III standing, a plaintiff must show that: (1) he suffered an injury to a legally protected interest; (2) that there is a causal connection between the injury and the conduct complained of and (3) that the injury is likely to be redressed by a favorable decision. *Hosein v. Gonzales*, 452 F.3d 401, 403-04 (5th Cir. 2006).

Ordinarily, one does not have standing to assert a violation of rights belonging to another, since the person entitled to the right is the only one who can be directly injured by the deprivation. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). An exception to this general rule is when a party has made a sufficient showing of third party standing. To properly invoke the third party standing doctrine, a litigant must have (1) suffered an injury in fact, thus giving him a sufficiently concrete interest in the outcome of the issue in dispute; (2) the litigant must have a close relationship to the third party; and (3) there must exist some hindrance to the third party's ability to protect his own interests. *Powers v. Ohio*, 499 U.S. 400, 401 (1991).

Plaintiff does not allege he suffered any injury as a result of the blackmail scheme in which defendant Touhami was allegedly a participant. Nor does he allege he has a close relationship with anyone who was injured as a result of the scheme. As a result, plaintiff lacks standing to pursue a claim regarding the blackmail scheme.

*Conspiracy*

"To establish a cause of action based on conspiracy, a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).

Conclusory allegations of conspiracy do not state a claim under Section 1983 unless the plaintiff supports his allegations with material facts. *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990).

In this case, plaintiff alleges defendants Touhami and Schwarz participated in conspiracies to violate his constitutional rights. However, plaintiff offers no more than his subjective belief that defendants Touhami and Schwarz participated in the conspiracies. As plaintiff has failed to support his conclusory allegations regarding conspiracies with any material facts, his conspiracy claims should be dismissed. *Longoria v. Texas*, 473 F.3d 586 (5th Cir. 2006) (disregarding conspiracy claim because the plaintiff offered no evidence in support of his conclusory allegation).

*Due Process*

Plaintiff alleges that in an attempt to cover up the stabbing, defendant Schwarz filed false documents in connection a disciplinary charge against plaintiff. He also alleges defendant Schwarz testified falsely at the disciplinary hearing.

Under certain circumstances, an inmate is entitled to due process of law in connection with disciplinary proceedings. *Sandin v. Conner*, 515 U.S. 472, 483-84. Inmates are entitled to due process when the punishment imposed as a result of the disciplinary conviction implicates "a protected liberty interest." *Id*. at 487.

A grievance attached to the amended complaint shows that the disciplinary conviction plaintiff references was overturned and it was determined plaintiff could not be retried (doc. no 53 at 27). As a result, no protected liberty interest was implicated by the disciplinary proceeding. *Ard v. LeBlanc*, 406 F. App'x 928, 929 (5th Cir. 2010). Plaintiff's allegations regarding the actions of defendant Schwarz therefore fail to state a claim upon which relief may be granted.

*Failure to Protect*

Prison officials have a duty under the Eighth Amendment to protect prisoners from other inmates. However, not all inmate-on-inmate violence rises to the level of a constitutional violation. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An Eighth Amendment claim consists of two

components-one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a plaintiff must prove he was exposed to a substantial risk of serious harm. *Id.*; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). A plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. *Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry. The plaintiff must establish that the defendant was aware of an excessive risk to the plaintiff's safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41 (5th Cir. 2002).

Plaintiff states he was stabbed by his cell mate, who he knew to be an enemy. He alleges defendant Touhami was then the officer in charge of housing and classification assignments. Plaintiff contends defendant Touhami should not have permitted him to be placed in a cell with someone who was known to be an enemy.

Plaintiff's allegations fail to demonstrate deliberate indifference by defendant Touhami. Plaintiff does not state he ever told defendant Touhami that his cell mate was an enemy who might assault him. Nor do his allegations show any other way defendant Touhami acquired this knowledge. As a result, plaintiff fails to show defendant Touhami was aware his cell mate posed an excessive risk to plaintiff's safety. This claim should therefore be dismissed.

*Meals*

"Convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). The Constitution dictates that prisoners be offered reasonable opportunities to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Green v. McKaskle*, 788 F.2d 1116, 1126 (5th Cir. 1986). The exercise of religious freedom, however, is restricted by valid penological objectives. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

Plaintiff asserts defendant Posvar repeatedly provided him with meal trays that contained pork. While plaintiff does not actually state eating pork violates his religion, it will be assumed plaintiff is alleging defendant Posvar interfered with his ability to practice his religion.

The United States Court of Appeals for the Fifth Circuit has held that the Free Exercise Clause of the First Amendment does not require inmates be provided with special diets in accordance with their religious beliefs. *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007); *Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988); *Udey v. Kastner*, 805 F.2d 1218, 1221 (5th Cir. 1987). As a result, plaintiff's allegations regarding his meals fail to state a claim upon which relief may be granted.

*Retaliation*

"An act motivated by retaliation for the exercise of a constitutionally protected right is actionable even if the act, when taken for a different reason, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, even though it is not expressly referred to in the Constitution, is nevertheless actionable because retaliatory actions may tend to chill an individuals's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

Plaintiff alleges defendant Touhami moved him to the high security section of the unit in retaliation for plaintiff's legal activities. He also states that when defendant Posvar gave him meal trays containing pork, he took those actions with a retaliatory motive. However, plaintiff asserts no more than his subjective belief that defendants Touhami and Posvar acted with a retaliatory motive. He does not provide any factual support for a retaliatory motive. Nor has he set forth a chronology of events from which such a motive can be plausibly inferred. As a result, plaintiff's allegations regarding retaliation fail to state a claim upon which relief may be granted. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (prisoner must allege more than a personal belief that a defendant retaliated against him).

### Recommendation

The motion for judgment on the pleadings (doc. no. 78) should be granted.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 19th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge